STATE OF WEST VIRGINIA

**FILED**
**November 4, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**CAROL HORN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0293** (BOR Appeal No. 2048714)
                 (Claim No. 2010133877)

**CABELA'S INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carol Horn, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabela's, Inc., by Mark J. Grigoraci, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2014, in which the Board affirmed an August 5, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 26, 2012, decision to grant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Horn, a sales associate for Cabela's, Inc., was assisting a customer on May 6, 2010, when she lost her balance walking down stairs and fell on her knees. She also injured her cervical spine in the process. Ms. Horn was transported to Wheeling General Hospital where she was treated for her injuries. Ms. Horn was then referred to physical therapist Mark Goode for treatment. In his evaluation, he noted a range of motion in Ms. Horn's knee of 130 degrees on the left side and 120 degrees on the right side. Mr. Goode also noted that Ms. Horn had good

strength in both quadriceps. Ms. Horn also reported to her treating physician Richard S. Glass, M.D., on April 7, 2011, and he noted that she was doing better and was back at work. Ms. Horn complained to Dr. Glass of pain in her legs bilaterally. Dr. Glass opined that her pain could be due to fibromyalgia. Dr. Glass noted that fibromyalgia was not related to the slip and fall injury on May 6, 2010. On March 26, 2012, Ms. Horn reported to Victoria Langa, M.D., for an independent medical examination. Dr. Langa opined that Ms. Horn was at her maximum degree of medical improvement and had no resulting impairment.

On September 27, 2012, Ms. Horn reported to Bruce Guberman, M.D., for an independent medical evaluation. Dr. Guberman found 5% whole person impairment for the left knee and 5% whole person impairment for the right knee both based upon a weakness of extension. On February 7, 2013, Ms. Horn reported to Bill Hennessey, M.D., for another independent medical evaluation. He shared Dr. Langa's opinion that she was at her maximum degree of medical improvement and had no resulting impairment. Based upon the reports of Dr. Langa and Dr. Hennessey, the claims administrator granted Ms. Horn a 0% permanent partial disability award. Ms. Horn protested.

The Office of Judges determined that Ms. Horn was not entitled to any more than a 0% permanent partial disability award. The Office of Judges did not rely on the report of Dr. Guberman because his evaluation was not as consistent with the evidence in the record as Dr. Hennessey's and Dr. Langa's reports. The Office of Judges noted that the treatment reports throughout the record indicate that she had full range of motion and good strength in both of her quadriceps. The Office of Judges noted that her physical therapist, Mark Goode, documented good strength and range of motion on September 7, 2010, and December 13, 2011. Furthermore, the evaluation of Dr. Glass on October 11, 2010, showed a normal range of motion and good strength. Because Dr. Guberman's evaluation was less consistent with the evidence of record, the Office of Judges concluded that his report was less reliable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Dr. Guberman is the only physician that found any ratable impairment. The findings of Dr. Hennessey and Dr. Langa are consistent with the records of the physical therapist and the observations of Dr. Glass. Dr. Guberman's evaluation is not consistent with the remainder of the evidence in the record. Because the evidence is more consistent with Dr. Hennessey's and Dr. Langa's opinions, it was not in error for the Office of Judges and Board of Review to rely on their reports.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II